THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREA ARRINGTON, | Case No. C09-1171-JCC |
| Plaintiff, | ORDER |
| v. | |
| UNIVERSITY OF WASHINGTON, | |
| Defendant. | |

This matter comes before the Court on Defendant's Motion to Dismiss (Dkt. No. 13). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion and DISMISSES Plaintiff's case for the reasons explained herein.

**I.   BACKGROUND**

Plaintiff was an employee with the University of Washington ("UW")'s Equal Opportunity Office until she was laid off.[1] (Stat. of Claim 3 (Dkt. No. 5).) Plaintiff determined that her termination was racially motivated and filed an employment discrimination suit against

---

[1] In her Complaint, Plaintiff offers no dates regarding the span of her employment or her termination. (*See* Compl. 3 (Dkt. No. 1).)

ORDER
PAGE - 1

UW and the State of Washington. (Dkt. No. 1.) Claiming not to have the finances necessary to pursue litigation, Plaintiff moved to proceed *in forma pauperis* on August 18, 2009. (*Id.*) Magistrate Judge Mary Alice Theiler rejected Ms. Arrington's application on August 26, 2009. (Dkt. No. 4.) Ms. Arrington then moved for court appointment of counsel on September 10, 2009 (Dkt. No. 6) and United States Magistrate Judge Mary Alice Theiler referred Ms. Arrington's case to the Screening Committee of this Court's pro bono panel on November 17, 2009. (Dkt. No. 10.) Defendant UW then filed a Motion to Dismiss that was set to note the day before Ms. Arrington's motion for appointment of counsel noted. (Dkt. No. 13.) On February 9, 2010, the Court adopted the pro-bono screening panel' recommendation that Ms. Arrington's motion for appointment of counsel be denied. (Dkt. No. 17.)

## II.     DISCUSSION

Under Washington law, there are specific requirements that must be followed when a suit is brought against it. REV. WASH. CODE 4.92.110 states:

> "No action subject to the claim filing requirements of RCW 4.92.100 shall be commenced against the state, or against any state officer, employee, or volunteer, acting in such capacity, for damages arising out of tortious conduct until sixty calendar days have elapsed after the claim is presented to the risk management division."

Washington courts have determined that a failure to file a claim in accordance with REV. WASH. CODE 4.92.110 results in dismissal of the suit. *See Levy v. State*, 957 P.2d 1272, 1277 (Wash. Ct. App. 1998); *Kleyer v. Harborview Med. Ctr.*, 887 P.2d 468, 473 (Wash. Ct. App. 1995).

Plaintiff initiated this suit on August 17, 2009. (Dkt. No. 1.) She did not file the required Standard Tort Claim Form with the Office of Financial Management until November 13, 2009, approximately five months after the date she should have filed it to be in compliance with REV. WASH. CODE 4.92.110. (Mot. 4 (Dkt. No. 13); Decl. (Dkt. No. 14).) The Court must dismiss.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Dkt. No. 13) is GRANTED. The Clerk is DIRECTED to CLOSE the case.

DATED this 9th day of March, 2010.

_____
Honorable John C. Coughenour
UNITED STATES DISTRICT JUDGE